■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM PEACOCK, Appellant.— Appeals by defendant from (1) a judgment of the Supreme Court, Kings County, rendered July 22, 1969, convicting him of robbery in the first degree, grand larceny in the third degree and possession of weapons and dangerous instruments as a felony, upon a jury verdict, and imposing concurrent sentences, and (2) a judgment of the same court, dated March 21, 1969, which denied his habeas corpus application. Judgment of July 22, 1969 affirmed. Judgment of March 21, 1969 affirmed, without costs. Even if it were assumed, *arguendo,* that it was technically erroneous to deny

defendant a transcript of the pretrial hearing testimony and to bar his use of that testimony to impeach a witness at the trial, such error would be of no material significance on this record; and it consequently would not warrant a reversal and new trial. Apart from the fact that the proof of guilt was overwhelming, the only inconsistency between the testimony of the witness (a police officer) at the pretrial hearing and his testimony at the trial was that at the pretrial hearing he testified that the complainant had taken three to five minutes to identify defendant at the station house, while at the trial he testified that the complainant made that identification after a minute to a minute and a half. Clearly, such minuscule discrepancy cannot be considered sufficient to constitute impeachment of the witness' trial testimony. Clearly, the refusal to allow defendant to bring out that discrepancy could not and did not affect the outcome or defendant's substantial rights. Hence, assuming (though not conceding) that it was error, it would be immaterial error that should be disregarded (Code Crim. Pro., § 542; CPL 470.05). Latham, Christ and Benjamin, JJ., concur; Munder, Acting P. J., concurs in the result reached in the memorandum of Mr. Justice Shapiro, but takes exception to that portion which concludes that the denial of defendant's request for the *Wade* hearing minutes requires reversal, with the following memorandum: I distinguish this case from *People* v. *West* (29 N Y 2d 728). In the instant case the request for the transcript was made on the eve of trial, a distinguishing factor noted in *West*. I agree with the result however, because in denying the use of the *Wade* hearing minutes for impeachment purposes on the trial the court ignored its prior ruling, i.e.: "THE COURT: * * * We had an application made yesterday for time to secure the minutes of the Wade hearing that was conducted on Tuesday, just two days ago before me, before the same reporter, with the same District Attorney, with the same defense counsel. All of us present at the main trial know precisely what transpired at a comparatively short Wade hearing. * * * Let the record indicate that if anything that transpired at that Wade hearing is important to this defendant — * * *, I will direct the reporter to read any portion or all of those minutes. Let us get the jury back and proceed." Shapiro, J., concurs in the affirmance of the denial of the application for a writ of habeas corpus, but otherwise dissents and votes to reverse the judgment of conviction and to order a new trial, with the following memorandum: I am in agreement with the conclusion of the majority that the identification procedures utilized by the police were not improper. The complainant viewed defendant and his alleged accomplice through a one-way mirror at the police station only an hour and a half after the robbery (during which he had viewed defendant in excellent lighting conditions). Such a show-up is not violative of due process (see *People* v. *Brown,* 20 N Y 2d 238). The standards enunciated in *United States* v. *Wade* (388 U. S. 218) and *Gilbert* v. *California* (388 U. S. 263) "were not designed to frustrate good police work which produces the prompt or instantaneous and therefore the most reliable identification of culprits. Moreover, when the identification focuses on the defendant, it will be important, most of the time, to analyze whether the focusing is due to suggestive police action or arrangements or, instead, emanates from the witnesses. It is only where the suggestion is, in one form or another, verbally or circumstantially, put to the witness that the procedure is condemned as violative of due process" (*People* v. *Logan,* 25 N Y 2d 184, 194). The identification of defendant was the result of rapid and effective police work. The record establishes that the identification emanated from the complainant and was not the result of improper suggestion. When asked at the *Wade* hearing what the police officer had told him prior to his having viewed defendant, the complainant replied: "He

said, 'We are going to let you look at a couple of guys.' He says, 'If you can identify them, all right. If not, all right too. Don't be excited. Don't be afraid. Take your time.' He said, 'If it is not them, it is not them. If it is them, it's all right too.' He says, 'You've got to be certain that if you say it is them that it is them.'" In any event, even were the identification procedures utilized held improper, there is sufficient evidence in the record to support the Criminal Term's finding that the in-court identification was not the product of or influenced by those procedures (cf. *People* v. *Gonzalez*, 27 N Y 2d 53, 57; *People* v. *Rahming*, 26 N Y 2d 411, 416). It was, however, in my opinion, error to deny defendant, who was indigent, a free copy of the transcript of the minutes of the *Wade* hearing. That hearing, at which only two witnesses testified, was held on March 25, 1969. The trial court's decision holding the identification testimony admissible at trial was rendered on the following day. Defendant immediately moved for a copy of the hearing minutes. The motion was denied on the ground it had not been made on written papers. The court also denied an application for an adjournment to allow a formal application to be made and instead directed the parties to proceed to trial at once. The court thereafter informed the parties that if any question arose as to testimony at the *Wade* hearing, "I will direct the reporter to read any portion or all of those minutes." Notwithstanding this statement, the court refused to permit defendant to impeach the trial testimony of a police officer by questioning him with reference to his statements at the *Wade* hearing. Defendant's right to a copy of the hearing minutes is a fundamental constitutional right and a copy should have been made available to him for whatever purpose he, and not the court, deemed necessary and relevant to his defense. The denial of that right requires reversal regardless of the nature and quantum of the proof against him (*People* v. *West*, 29 N Y 2d 728). Defendant moved for a transcript at the earliest practical opportunity. The error in failing to provide him with the transcript was compounded by the court's refusal to permit the use of the testimony at the *Wade* hearing for impeachment purposes notwithstanding its promise to the contrary. Accordingly, I would reverse the judgment of conviction and order a new trial.